United States District Court
Southern District of Texas

**ENTERED**

July 09, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TAMAR ABDAN HASSAN, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05279 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN FRINK, | § | |
| Respondent. | § | |

### ORDER

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16.

It is noted that the Fifth Circuit stated that its decision "does not apply to any alien held under Section 1226(c), or under any other statutory provision requiring detention without bond." Id at *17.

The Government is ORDERED, within five days of this Order, to state its position as to what impact, if any, *Sosnava Rodriguez* has on the lawfulness of detention at issue in this matter. If such position will include request that "reasonable time" be afforded to immigration courts to conduct such bond hearings, a date certain must still be stated by which such hearing will occur.

The Government is also ORDERED in such filing to show cause on other claims raised in the petition, to the extent it has not already done so on the record in this action.

Petitioner may also promptly state a position as to *Sosnava Rodriguez* or otherwise reply within fourteen days of the Government's filing, if desired.

SO ORDERED.

Signed on July 9, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge