# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TAMER ABDOU MEGAHED MOHAMED HASSAN, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-05279 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*, Respondents. | § § | |

## ORDER ON DISMISSAL

Petitioner Tamer Abdou Megahed Mohamed Hassan filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 2, 2006. Dkt 1. He contends that he legally entered the United States on a prior date and that his present detention is unlawful as a violation of the Due Process Clause of the Fifth Amendment. Id at 6–7. He admits that he had a bond hearing, at which his request for bond was rejected. Id at 6.

The Government was ordered to state its position as to Petitioner's claims and also with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 4.

Pending is a motion by the Government for summary judgment. Dkt 5. It maintains that (i) Petitioner was lawfully admitted on a visitor visa, (ii) he overstayed the visa, (iii) he is detained under 8 USC §1226(a), (iv) bond was denied after hearing, and (v) removal proceedings aren't yet final. Id at 2–3. It contends that Petitioner has not yet exhausted his administrative remedies by appealing the bond order. Id at 3. It also contends that no jurisdiction exists for judicial review of the bond order. Id at 3–5. And it further maintains that any due process

claims fail because Petitioner has received the process due under the applicable statute. Id at 5–6.

Section 1226(e) provides that "[n]o court may set aside any action or decision . . . under this section regarding . . . the grant, revocation, or denial of bond or parole." Courts therefore have no jurisdiction to consider a discretionary decision to deny release on bond. *Bustamonte v Mukasey*, 286 F Appx 239, 240 (5th Cir 2008); *Fuentes v Lyons*, 808 F Supp 3d 733, 737 (SD Tex 2025): "[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." As such, no jurisdiction exists to review the order denying Petitioner's request for release on bond.

Petitioner articulates no other basis for finding that his detention violates either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Tamer Abdou Megahed Mohamed Hassan is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___July 24, 2026___, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

2